## SUPREME COURT.

### JAMES WILLIAMS agt. AARON WILLIAMS.

A *sheriff's sale* of real estate under a judgment will be *set aside*, where the judgment creditor, who resided at a distance, by accident and without fault on his part was detained, and did not arrive at the place of sale until some fifteen minutes after the sheriff had sold the property upon one bid by a person in attendance for a nominal sum, but subject to previous liens, the plaintiff not being represented by any one. It being conceded that the sheriff waited ten minutes after the advertised time before selling.

There should be no hasty action in a matter of this kind. It is the duty of the officer to see that a fair opportunity is had for persons to be present who are interested.

· *Sullivan Special Term, February,* 1872.

THIS was an application to have a sale set aside, and a resale of the premises.

The affidavits showed that plaintiff had a judgment against the defendant, which was a lien on real estate owned by the defendant; that the real estate was incumbered by a previous mortgage, but not to its full value. That the defendant was insolvent.

The plaintiff and his attorney resided in Delaware county about fifty miles from the court house in Sullivan county. The sheriff of Sullivan county advertised the real estate to be sold at the court house in said county on the 30th of January, 1872, at *one o'clock, P. M.* The plaintiff left his place of residence the day previous to attend the sale, but owing to bad roads and the breaking of his vehicle, did not reach the place where the sale was to be held until shortly before the hour of sale, and stopped at a hotel to warm himself and procure refreshments. He then went to the court house, about fifteen or twenty minutes after one P. M., and ascer-

tained that the sale had taken place, that no persons were present at the sale, except the sheriff and a person who bid on the property, and one person who occupied the premises, that there was but one bid, that no one was there on behalf of the plaintiff, that the property was sold subject to previous liens, and the bid was $35.

The plaintiff then found the sheriff and the purchaser and tendered to them the amount of the bid, and asked that the premises should be again offered for sale to give him an opportunity to bid, the tender was refused, the sheriff admitted that he had sold at about ten minutes after one.

A. C. NIVEN, *for plaintiff.*
J. L. STEWART, *opposed.*

LEARNED, J.—The application is for a *re-sale* on the ground that the plaintiff had no opportunity to attend the sale, and that his claim against the defendant is worthless, unless he can collect it of the property which was sold by the sheriff.

The sale was advertised to take place at one P. M. It did take place at about ten minutes thereafter, and before the plaintiff or any one on his behalf arrived at the court house where the sale was to take place.

The statute directs that a sale of real estate shall take place between nine A. M. and the setting of the sun. Between these points of time it is left in the discretion of the sheriff; but that discretion should be wisely exercised, so that the plaintiff, defendant, and creditors or other persons interested, should be presented with an opportunity to attend. There is often a discrepancy in time-pieces, and it may occur, as in this case, that a person living at a distance, may, by accident, and without fault, be detained. It is proper therefore that there should be no hasty action in a matter of this kind. It is the duty of the officer to see that a fair opportunity is had for persons to be present who are interested. I shall not undertake to fix a time for the sheriff

to wait before closing his sale, but it should be a reasonable time ; and if there are no bidders; or if the plaintiff is not represented, and any bid made is inadequate to the value of the property sold, the sheriff should postpone the sale.    The great object in all cases should be to protect the interests of all parties concerned.

The sale must be vacated, the purchase money refunded, and the sheriff must re-sell the premises, the plaintiff to pay the additional expense attending such re-sale.